**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TOMMY BOLER, as the Personal Representative
of THE ESTATE OF PHYLLIS S. BOLER,
deceased,

        Plaintiff,

vs.                                 Case No. 3:20-cv-646-J-34PDB

HOLIDAY CVS, L.L.C.,
A Florida limited liability company,

        Defendant.

_____/

**O R D E R**

      **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Federal courts are courts of limited

jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction.

See <u>Kirkland v. Midland Mortgage Co.</u>, 243 F.3d 1277, 1279-1280 (11th Cir. 2001); <u>see</u>

<u>also</u> <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994).  This obligation exists

regardless of whether the parties have challenged the existence of subject matter

jurisdiction.  See <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999)

("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction

<u>sua sponte</u> whenever it may be lacking").  "In a given case, a federal district court must

have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a

specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or

(3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  <u>Baltin v. Alaron Trading, Corp.</u>,

128 F.3d 1466, 1469 (11th Cir. 1997).  Where a defendant removes an action from state

court to federal court, the defendant "bears the burden of proving that federal jurisdiction

exists." See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).  Initially, the Court notes that "[d]iversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000."  Williams, 269 F.3d at 1319.

On June 24, 2020, Defendant Holiday CVS, L.L.C. (Holiday CVS) filed Defendant Holiday CVS, LLC's Notice of Removal (Doc. 1; Notice), seeking to remove this case from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida.  See Notice ¶ 3.  In the Notice, Holiday CVS asserts that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because "this action involves: (1) citizens of different states, and (2) an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs."  See id. ¶ 17.  However, upon review of the Notice and the attached Complaint (see Doc. 4-1; Complaint), the Court finds that Holiday CVS fails to allege sufficient facts to plausibly demonstrate that the parties are diverse.[1]  See Taylor v. Appleton, 30 F.3d, 1365, 1367 (11th Cir. 1994).

Here, Holiday CVS fails to provide sufficient information as to its own citizenship or that of Plaintiff.[2]  The Plaintiff in this case is Tommy Boler, as the personal representative

---

[1]      Unfortunately, Holiday CVS's jurisdiction-pleading errors are not confined to this case.  The Court has previously directed Holiday CVS to correct the same errors found in the Notice.  See Paul v. Holiday CVS, L.L.C., Case No. 3:18-cv-1069-J-34MCR (M.D. Fla. Sept. 6, 2018) (Doc. 4) (where defendant improperly equated residence and citizenship); Stebbins v. Holiday CVS, L.L.C., et al, Case No. 3:16-cv-958-J-34-JRK (M.D. Fla. Aug. 2, 2016) (Doc. 5) (where defendant failed to allege the citizenship of the decedent); see also Gillete v. CVS Pharmacy, Inc., Case No. 3:16-cv-1274-J-34JBT (M.D. Fla. Oct. 14, 2016) (Doc. 5) (order directing defendant to provide sufficient information to enable the Court to determine whether it had subject matter jurisdiction over the action).
[2]      The failure to adequately allege diversity jurisdiction in this case is certainly not unique to Holiday CVS or its affiliates.  See Wilkins v. Stapleton, No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("Diversity jurisdiction appears to create the biggest pleading challenge for the Bar.").  But, as aptly stated in Wilkins, the all-too-common "failure to demonstrate even a passing familiarity with the jurisdictional requirements of the federal courts results in a waste of judicial resources that cannot continue."  Id.  Indeed,

of The Estate of Phyllis S. Boler, deceased.  <u>See</u> Notice ¶ 1.  In the Notice, Holiday CVS alleges that "Plaintiff, Tommy Boler, is a <u>resident</u> of Duval County, Florida, and the duly appointed personal representative of the Estate of Phyllis S. Boler."  <u>Id.</u> ¶ 5 (emphasis added).  "Consequently," Holiday CVS asserts, "the Plaintiff is presumed to be a citizen of State of Florida."  <u>Id.</u> ¶ 6.  The problem with this allegation is two-fold.  When an individual acts in a representative capacity for one who is deceased, that individual is deemed to be a citizen of the state of which the deceased was a citizen at the time of death.  <u>Palmer v. Hosp. Auth. of Randolph County</u>, 22 F.3d 1559, 1562 n.1 (11th Cir. 1994); 28 U.S.C. § 1332(c)(2).  Thus, "[w]here an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and [she] is deemed to be a citizen of the state in which [she] was domiciled at the time of [her] death."  <u>King v. Cessna Aircraft Co.</u>, 505 F.3d 1160, 1170 (11th Cir. 2007).  Moreover, to establish diversity over a natural person, a party must include allegations of the person's citizenship, not where he or she resides.  <u>Taylor</u>, 30 F.3d at 1367.  A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment. . .to which he has the intention of returning whenever he is absent therefrom."  <u>McCormick v. Aderholt</u>, 293 F.3d 154, 1257-58 (11th Cir. 2002) (quotation and citation omitted).  "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish citizenship for a natural person."  <u>Taylor</u>, 30 F.3d at 1367; <u>Miss. Band of Choctaw Indians v. Holyfield</u>,

---

> [t]he U.S. District Court for the Middle District of Florida is one of the busiest district courts in the country and its limited resources are precious. Time spent screening cases for jurisdictional defects, issuing orders directing repair of deficiencies, then rescreening the amended filings and responses to show cause orders is time that could and should be devoted to the substantive work of the Court.

<u>Id.</u> at *1 n.4.  As such, before filing any future pleadings in federal court, counsel is strongly encouraged to review the applicable authority on federal subject matter jurisdiction.  <u>See id.</u> at *1-2 (bulleting several "hints" on how to allege federal diversity jurisdiction properly).

490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

Although Holiday CVS does allege in the Notice that Plaintiff "is presumed to be a citizen

of the State of Florida," the Court has some concern because this presumption appears

based on Holiday CVS's preceding allegation that "Plaintiff, Tommy Boler, is a <u>resident</u> of

Duval County, Florida. . ." <u>See</u> Notice ¶¶ 5, 6 (emphasis added).[3]  Because Holiday CVS

alleges the residence of the personal representative, rather than the decedent, the Court

is unable to determine Plaintiff's citizenship for purposes of diversity jurisdiction.

Holiday CVS also fails to sufficiently allege its own citizenship.  In the Notice, Holiday

CVS asserts:

> [t]he sole Defendant currently named in this action, Holiday CVS, LLC, is a
> Florida Limited Liability Company.  Holiday CVS, LLC's sole managing
> Member is CVS Pharmacy, Inc.  No other managers or members exist.
> Member CVS Pharmacy, Inc., is a foreign corporation with its principal place
> of business located at One CVS Dr., Woonsocket, RI 02895.

<u>See</u> Notice ¶ 7 (citations omitted).  "Consequently," Holiday CVS adds, "Holiday CVS, LLC

is a citizen and resident of Rhode Island." <u>Id.</u> at ¶ 8 (citation omitted).  While Holiday CVS

is correct that its citizenship is determined by the citizenship of its members, <u>Rolling Greens</u>

<u>MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1022 (11th Cir. 2004) (per

curiam), Holiday CVS fails to adequately allege the citizenship of its sole member, CVS

Pharmacy, Inc.  "[T]he federal diversity jurisdiction statute provides that 'a corporation shall

be deemed to be a citizen of any State by which it has been incorporated <u>and of the State</u>

---

[3]       The Court notes Holiday CVS's citation to <u>Jones v. Law Firm of Hill & Ponton</u>, 141 F. Supp. 2d 1349,
1355 (M.D. Fla. 2001), which Holiday CVS apparently cites as support for its assertion that "Plaintiff is
presumed to be a citizen of the State of Florida." <u>See</u> Notice ¶ 6.  However, as <u>Jones</u> and other cases make
clear, residency is not inherently equivalent to citizenship for purposes of diversity jurisdiction.  <u>See, e.g.</u>,
<u>Miss. Band of Choctaw Indians</u>, 490 U.S. at 30, 48.  Even if Holiday CVS had properly alleged the citizenship
of Tommy Boler, the Court nonetheless requires information as to the citizenship of the <u>decedent</u> to enable
the Court to determine whether it has diversity jurisdiction over the instant action.  <u>See</u> <u>Palmer</u>, 22 F.3d 1559,
1562 n.1 (11th Cir. 1994); 28 U.S.C. § 1332(c)(2).

where it has its principal business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting

28 U.S.C. § 1332(c)(1)) (emphasis added).  Accordingly, the allegation that "[m]ember CVS

Pharmacy, Inc., is a foreign corporation with its principal place of business located at One

CVS Dr., Woonsocket, RI 02895" is insufficient to disclose CVS Pharmacy, Inc.'s

citizenship.  Indeed, it does not disclose where CVS Pharmacy, Inc. has been incorporated,

and thus the citizenship of Defendant Holiday CVS, L.L.C. remains in question.  See id.

Without additional information regarding the citizenship of the individual parties, the

allegations presently before the Court are insufficient to invoke the Court's subject matter

jurisdiction over this action.[4]  Accordingly, it is

**ORDERED**:

---

[4]     Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit cases decided in 2017.  See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law.  No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

Defendant Holiday CVS, L.L.C. shall have until **July 3, 2020**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on June 29, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc27
Copies to:

Counsel of Record
Pro Se Parties